Dear Chief Long,
You have requested an opinion of this office regarding whether an ordinance passed in 1997 allowing the chief of police to receive four hours of overtime pay per week is applicable to you.[1] At the time the ordinance was passed, the chief of police was an elected position. However, pursuant to La.R.S. 33:381(C)(15), the chief of police for the Town of Oil City is now an appointed position. You have not been paid the four hours of overtime per week since you were appointed chief of police on January 1, 2005.
We presume that there is no question that you, as Police Chief, are not required to be paid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. Therefore, we will address here only the state law ramifications of your inquiry.
Attorney General Opinions 78-1107, 79-459, 79-848, 96-88, and 96-389 all concluded that the practice of granting overtime pay to an elected chief of police is not permitted unless an overtime policy was enacted by ordinance. These opinions were based on the fact that La.R.S.33:404.1 grants to the mayor and board of aldermen the authority to fix the salary of the chief of police as well as to raise his salary if the present salary is not commensurate with his required duties. La.R.S.33:404.1 provides:
 The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen may by ordinance increase or *Page 2 
decrease their compensation and the compensation of any nonelected municipal officer and may increase the compensation of other elected officials. However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected.
R.S. 33:404.1 not only authorizes the mayor and board of alderman to set and raise the salary of elected officials, but also of "any nonelected municipal officer," such as an appointed chief of police. Thus, the reasoning applied in Opinions 78-1107, 79-459, 79-848, 96-88, and 96-389 is also applicable to appointed chiefs of police.
Mindful of the previous opinions concluding that a chief of police cannot receive overtime pay, Atty. Gen. Op. No. 96-88 went on to conclude that nothing "would indicate these opinions should be altered, and would again conclude without an ordinance relative to overtime, the elected Chief of Police cannot be paid overtime." Similarly, Atty. Gen. Op. No. 83-864 stated that, "municipal policies relative to wages for overtime are to be governed by the rules and regulations promulgated by the municipal governing authority, subject to any applicable civil service laws."
Based on the past opinions of this office and the above statutory provision, we conclude that absent an ordinance relative to overtime, a chief of police may not receive overtime compensation. This is because if the chief of police's salary is incommensurate with his duties, the mayor and board of alderman are authorized to increase his salary pursuant to La.R.S. 33:404.1. If a municipality does pass an ordinance providing for overtime for the chief of police, just as the Town of Oil City did in 1997, you would be entitled to up to four hours of overtime pay each week only if you work those hours and have documented those hours appropriately. The issue of whether you worked overtime and whether such overtime was properly documented are to be determined by the governing authority; i.e., the Town of Oil City.
Assuming the Town of Oil City does find that you worked overtime and finds the documentation satisfactory, the next question becomes whether you are entitled to back pay for overtime hours worked since you took office in January of 2005. When determining whether a payment of retroactive wages is a constitutionally prohibited donation or a valid payment of earned compensation, this office has determined that it is permissible to pay earned compensation retroactive to the time at which the state or a political subdivision obligated itself to make such a payment. Atty. Gen. Op. No. 06-0220. Assuming the ordinance you enclosed was validly enacted, the Town of Oil City obligated itself in 1997 to make up to four hours of overtime payments to the Chief of Police (assuming the Chief *Page 3 
worked those hours). Therefore, to the extent that you can prove you worked up to four hours of overtime per week, you may be entitled to back pay. We note, however, that an action for the recovery of compensation for services rendered is subject to a three year prescriptive period. La.C.C. art. 3494(1).
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By:__________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt
[1] For the purposes of this opinion, we are assuming that the ordinance in question was properly passed and remains in effect. We are also assuming, based on the synopsis of the ordinance you provided, that the ordinance does not contain language stating it applies only to anelected chief of police.